## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Stanley P. Baudin | ) | |
| | ) | Case No. 18-1063 |
| Plaintiff, | ) | |
| | ) | JUDGE SHELLY DICK |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| AstraZeneca Pharmaceuticals LP; | ) | ERIN WILDER-DOOMES |
| AstraZeneca LP; and Merck Sharp & | ) | |
| Dohme Corporation | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, come Defendants, AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Merck Sharp & Dohme Corporation (collectively "Defendants"), which move this Court pursuant to Rules 12(b)(6), 9(b), and 8(a)(2) of the Federal Rules of Civil Procedure for an order dismissing Plaintiff's Petition for Damages for failure to state a claim upon which relief can be granted. The Petition fails to state a claim upon which relief can be granted for the following reasons:

- First, Plaintiff's claims should be dismissed with prejudice in their entirety because: (i) the Louisiana Products Liability Act ("LPLA") provides the exclusive remedy for Plaintiff's recovery, precluding any claims for fraud, negligent misrepresentation, and redhibition based on non-economic losses; and (ii) Plaintiff fails to plead any remaining viable LPLA claim based on damage to a product or economic loss with sufficient specificity to state a claim for relief as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

- Second, all of Plaintiff's claims should be dismissed with prejudice in their entirety for the independent reason that they do not satisfy Rule 8 of the Federal Rules of Civil Procedure, nor do they state a claim upon which relief can be granted

- Third, even if all of Plaintiff's claims are not dismissed under the well-established principles of law, Plaintiff's fraud claims do not satisfy Rule 9 of the Federal Rules of Civil Procedure because the Petition fails to plead any alleged fraud allegations with particularity and the fraud claims should be dismissed with prejudice.

For the reasons discussed more fully in the attached memorandum in support, Defendants respectfully request dismissal with prejudice of the Petition in its entirety.

**WHEREFORE**, for the reasons more fully explained in the attached Memorandum in Support of the Motion to Dismiss, Defendants respectfully pray that this Motion to Dismiss be granted and that Plaintiff's claims be dismissed with prejudice.

Respectfully submitted,

**Adams and Reese LLP**

*/s/ Diana Cole Surprenant*
E. PAIGE SENSENBRENNER (#18429) – T.A.
DIAN COLE SURPREANT (#33399)
One Shell Square
701 Poydras, Suite 4500
New Orleans, Louisiana 70139
paige.sensenbrenner@arlaw.com
diana.surprenant@arlaw.com
(504) 581-3234 (telephone)
(504) 553-9489 (facsimile)

Grant J. Guillot (#32484)
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana 70801
Telephone: (225) 336-5200
Facsimile: (225) 336-5220
grant.guillot@arlaw.com

*Attorneys for Defendants,*
*AstraZeneca Pharmaceuticals LP, AstraZeneca*
*LP, and Merck Sharp & Dohme Corporation*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on January 2, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I sent a copy of the foregoing by First Class Mail to counsel for Plaintiff.

*s/ Diana Cole Surprenant*
DIANA COLE SURPRENANT
