UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Stanley P. Baudin ) | |
| ) | Case No. 18-1063 |
| Plaintiff, ) | |
| ) | JUDGE SHELLY DICK |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| AstraZeneca Pharmaceuticals LP; ) | ERIN WILDER-DOOMES |
| AstraZeneca LP; and Merck Sharp & ) | |
| Dohme Corporation ) | |
| ) | |
| Defendants. ) | |

### MOTION TO STRIKE REPORTS AND TESTIMONY OF DR. PATRICIA MJØNES, OR IN THE ALTERNATIVE, TO REDEPOSE DR. PATRICIA MJØNES

**NOW INTO COURT**, through undersigned counsel come Defendants, AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Merck Sharp & Dohme Corporation (collectively "AstraZeneca"), which respectfully move to strike the report and testimony of Plaintiff's late-disclosed expert Dr. Patricia Mjønes or, alternatively, to continue Dr. Mjønes' deposition after submission of a proper expert report under Federal Rules of Civil Procedure 16(f)(1)(C), 26(a)(2), and 37(c)(1).

The Court should strike the reports and testimony of Dr. Mjønes because Plaintiff Stanley Baudin failed to timely disclose Dr. Mjønes as a retained testifying expert until three months after this Court's deadline for doing so by serving an Amended Designation of Expert purporting to designate her as a testifying expert while at the same time stating she will not appear live at trial and will instead impermissibly testify by video deposition. Additionally, Plaintiff failed to initially submit, and still has not submitted, an expert report from Dr. Mjønes that complies with Rule 26(a)(2)(B). Further, Plaintiff's counsel treated Dr. Mjønes as a testifying expert at her deposition

1

despite failing to disclose her as one and elicited opinions outside the scope of her pathology report at her deposition.

Rule 37(c)(1) provides that the remedy for Plaintiff's violation of his Rule 26 expert disclosure obligations is that he "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiff's failure was neither. There can be no justification for Plaintiff's failure to disclose his intention to call Dr. Mjønes as a testifying expert by this Court's deadline for doing so. Nor can there be any justification for Plaintiff's waiting to identify Dr. Mjønes as a testifying expert until *after* her deposition despite Defendants' requests *before* then that Plaintiff clarify her status. Additionally, Defendants will be prejudiced if Plaintiff is permitted to use Dr. Mjønes' expert testimony at trial. For these reasons and the reasons set forth in the accompanying memorandum in support, the Court should strike the reports and testimony of Dr. Mjønes.

Respectfully submitted,

**ADAMS AND REESE LLP**

*s/ Diana Cole Surprenant*
E. PAIGE SENSENBRENNER (#18429) – T.A.
DIANA COLE SURPRENANT (#33399)
701 Poydras, Suite 4500
New Orleans, Louisiana 70139
paige.sensenbrenner@arlaw.com
diana.surprenant@arlaw.com
(504) 581-3234 (telephone)
(504) 553-9489 (facsimile)

*Attorneys for Defendants,*
*AstraZeneca Pharmaceuticals LP, AstraZeneca*
*LP, and Merck Sharp & Dohme Corporation*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 27, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*s/ Diana Cole Surprenant*
DIANA COLE SURPRENANT