**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| Stanley P. Baudin | ) | |
| | ) | Case No. 18-1063 |
| Plaintiff, | ) | |
| | ) | JUDGE SHELLY DICK |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| AstraZeneca Pharmaceuticals LP; | ) | ERIN WILDER-DOOMES |
| AstraZeneca LP; and Merck Sharp & | ) | |
| Dohme Corporation | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**NOTICE OF ORAL REMOTE VIDEOTAPED DEPOSITION AND REQUEST FOR**</u>
<u>**PRODUCTION OF DOCUMENTS OF PATRICIA MJONES, M.D., PH.D.**</u>

TO:    **Dr. Patricia Mjønes**
       **c/o  John Restaino, Michael Gallant, John Dalimonte, and Christopher Coffin**

       **John Restaino, Esquire**
       **DALIMONTE RUEB STOLLER, LLP**
       **5790 Fleet Street, St. 200**
       **Carlsbad, CA  92008-4703**
       **restaino@drlawllp.com**

       **Michael Gallant, Esquire**
       **DALIMONTE RUEB STOLLER, LLP**
       **1250 Connecticut Ave, NW**
       **Suite 700**
       **Washington, DC 20036**
       **michael.gallant@drlawllp.com**

       **John Dalimonte, Esquire**
       **DALIMONTE RUEB STOLLER, LLP**
       **85 Devonshire Street, St. 1000**
       **Boston, MA  02109**
       **john@drlawllp.com**

       **Christopher L. Coffin, Esquire**
       **PENDLEY BAUDIN & COFFIN, LLP**
       **1100 Poydras Street, St. 2505**
       **New Orleans, LA  70163**

EXHIBIT 9

**ccoffin@pbclawfirm.com**

PLEASE TAKE NOTICE, that, pursuant to Federal Rule of Civil Procedure 30 and all applicable Case Management Orders, Defendants will take the **Oral Videotaped Deposition of Dr. Patricia Mjønes before a Notary Public or other person authorized to administer oaths, on March 21, 2022 beginning at 7:00 a.m. EST and continued until completed**.  Defendants reserve the right to continue the deposition, subject to the availability of all necessary participants, on such later dates as necessary to utilize the full measure of time afforded by agreement of the parties.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be taken remotely via Zoom video conference technology hosted by remote deposition vendor Golkow Litigation Services (877-370-3377/www.golkow.com)**.**   All parties, as well as the court reporter and videographer, will be participating in the deposition from separate locations. On information and belief, Dr. Patricia Mjønes will attend from Norway. The parties shall set forth their appearances and locations on the record at the start of the deposition.

The court reporter will swear in the witness by remote video or internet video conference technology with the same effect as an oath sworn to in person to the extent permitted by the law of the state in which the witness is located. The deposition shall be deemed to have been taken before an appropriate court officer despite the court reporter not being in the same physical location as the witness.  The oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Middle District of Louisiana, and Case Management Ordered entered by the Court. The witness, questioning attorney, and documents will be recorded

2

by video. Any depositions noticed to take place remotely and which are recorded remotely may be admitted at trial with the same effect of one recorded in-person.

Golkow will provide remote access for all parties wishing to participate via video conference or telephone. If you wish to participate via Zoom video conference or telephone, please contact Golkow at least 24 hours prior to the deposition so necessary credentials, call-in numbers, testing, and other information, if any, can be provided to you prior to the proceedings. As noted above, the court reporter will be appearing via video teleconferencing/teleconferencing and will not be in the presence of the deponent. A stipulation will be made on the stenographic record by all parties that the witness is to be sworn in remotely by the reporter. Exhibits for this deposition will be distributed and marked digitally by video teleconferencing/teleconferencing. The fact that a witness was provided with an electronic copy of an exhibit shall not be a basis to object to the admissibility of that exhibit at trial.

**PLEASE TAKE FURTHER NOTICE** that, in connection with the taking of the deposition, the deponent shall produce the items described in Exhibit "A," attached hereto and incorporated herein by reference, no less than 2 business days prior to the start of the deposition.

Respectfully submitted,

**Adams and Reese LLP**

*/s/ Diana Cole Surprenant*
E. PAIGE SENSENBRENNER (#18429) – T.A.
DIAN COLE SURPREANT (#33399)
701 Poydras, Suite 4500
New Orleans, Louisiana 70139
paige.sensenbrenner@arlaw.com
diana.surprenant@arlaw.com
(504) 581-3234 (telephone)
(504) 553-9489 (facsimile)
***Attorneys for Defendants,***
***AstraZeneca Pharmaceuticals LP, AstraZeneca***
***LP, and Merck Sharp & Dohme Corporation***

3

**EXHIBIT A**

**Request for Production of Documents**

The term "documents" is used in its broadest sense, and includes, without limitation, written material of whatever kind or nature, whether typed, printed, handwritten, microfilmed or otherwise produced including, without limitation, letters, memoranda, notes, reports, records, studies, publications, contracts, bills, invoices, spreadsheets, presentations (including PowerPoint), internet or web documents, photographs, calendars, photostats, photocopies, data, sketches, diagrams, forms, manuals, lists, minutes, charts, audio and video recordings and electronic data complications, including computerized files, computer disks, hard drives, database records, "voice mail" or "phone mail" recordings, and "electronic mail" or "e-mail" messages, however stored, as well as drafts, revisions, and redline versions or iterations, whether paper or electronic. Spreadsheets and any other documents that contain formulas and/or calculations are to be produced in readable electronic format and in such a way that the formulas and/or calculations may be reviewed.

The term "pathology report" refers to the pathology report titled "Pathology Report on Biopsies Received from the Pathology Group of Louisiana" signed by Dr. Patricia Mjønes on April 9, 2021, attached to the expert report of Dr. Helge Waldum.

Dr. Patricia Mjønes is to produce materials in her possession, custody, or control listed below:

1.      A copy of the witness's most current curriculum vitae and fee schedule.

2.      All time records, diaries, invoices, and/or bills prepared and rendered in connection with the witness's investigation and evaluation of the issues involved in this litigation. This request includes all documents that the witness used to record the number of hours the witness spent investigating and evaluating the issues involved in this litigation.

3.      The witness's complete file in connection with the witness's investigation and evaluation of the issues involved in this litigation.

4.      All documents obtained or created by the witness with reference to this litigation, including drafts of the pathology report.

5.      All documents reviewed, referred to, or relied upon by the witness before, during or after drafting the pathology report, including, but not limited to medical records and reports, and all scientific, medical, or technical articles, publications, codes, textbooks, standards, and other literature.

6.      All documents of communications between the witness and any person, including but not limited to Helge Waldum and counsel for Plaintiff in this matter regarding the pathology report, or any drafts thereof or regarding the subject matter of this litigation.

4

7.      All facts, data, and assumptions Plaintiff's counsel provided to the witness and that the witness considered in drafting the pathology report.

8.      All articles or papers the witness has written, presented, or has participated in writing or presenting, that relate to or concern the subject matter of this this litigation.

9.      All documents concerning any research the witness has undertaken that relates to or concerns the subject matter of this litigation.

10.     All documents the witness used, reviewed, and/or received in anticipation of/preparation for this deposition.

11.     All documents of communications between the witness and any person regarding this deposition or preparation therefore.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail

on the following Plaintiff's counsel on this 10th day of March, 2022:


John Restaino, Esquire
**DALIMONTE RUEB STOLLER, LLP**
5790 Fleet Street, St. 200
Carlsbad, CA  92008-4703
restaino@drlawllp.com

Michael Gallant, Esquire
**DALIMONTE RUEB STOLLER, LLP**
1250 Connecticut Ave, NW
Suite 700
Washington, DC 20036
michael.gallant@drlawllp.com

John Dalimonte, Esquire
**DALIMONTE RUEB STOLLER, LLP**
85 Devonshire Street, St. 1000
Boston, MA  02109
john@drlawllp.com

Christopher L. Coffin, Esquire
**PENDLEY BAUDIN & COFFIN, LLP**
1100 Poydras Street, St. 2505
New Orleans, LA  70163
ccoffin@pbclawfirm.com



/s/ *Diana Cole Surprenant*
DIANA COLE SURPREANT

6