UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Stanley P. Baudin ) | |
| ) | Case No. 18-1063 |
| Plaintiff, ) | |
| ) | JUDGE SHELLY DICK |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| AstraZeneca Pharmaceuticals L.P.; ) | ERIN WILDER-DOOMES |
| AstraZeneca LP; and Merck Sharp & ) | |
| Dohme Corporation ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE REPORTS AND TESTIMONY OF DR. PATRICIA MJØNES, OR IN THE ALTERNATIVE TO REDEPOSE DR. PATRICIA MJØNES**

Defendants submit this reply memorandum in further support of their motion to strike the report and testimony of Plaintiff's late-disclosed expert Dr. Patricia Mjønes or, alternatively, to continue Dr. Mjønes' deposition after submission of a proper expert report under Federal Rules of Civil Procedure 16(f)(1)(C), 26(a)(2), and 37(c)(1).[1]

The issue here is simple. Plaintiff did not disclose Dr. Mjønes as a testifying expert by the deadline. The sanction for Plaintiff's failure to do so is that he "is not allowed to use [Dr. Mjønes] to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff does not dispute that fact or legal principle. Indeed, he now concedes that "neither the Plaintiff nor Dr. Mjønes had any intention of offering her testimony when he disclosed his experts in January, 2022." Plaintiff's Response in Opposition to Defendants' Motion to Strike (Doc. 102) ("Opp.") at 4. Having now changed his mind and

---

[1] Capitalized terms have the same meaning given to them in the Memorandum in Support of Motion to Strike Reports and Testimony of Dr. Patricia Mjønes, or in the Alternative, to Redepose Dr. Mjønes (Doc. 99-1) ("Defs.' Mem.").

1

desiring to offer Dr. Mjønes expert testimony at trial, Plaintiff has not provided any justification that would excuse his failure to comply with his expert disclosure obligations.

First, relying on his post-hoc characterization of Dr. Mjønes as a non-testifying consulting expert—a characterization not shared with Defendants before Dr. Mjønes' deposition—Plaintiff contends without citing any legal support that Defendants magically transformed "Dr. Mjønes [into] a testifying expert by taking her [deposition] testimony." Opp. 14. But Plaintiff's non-compliance with his expert disclosure obligations is not cured even if Dr. Mjønes "clearly articulat[ed] [her] opinions in a deposition." *Shepherd v. GeoVera Specialty Ins. Servs., Inc.*, No. 14-862, 2015 WL 1040452, at \*2 (E.D. La. Mar. 10, 2015). In any event, even accepting Plaintiff's post-hoc characterization of Dr. Mjønes' role, Defendants were entitled to depose her because a party may obtain discovery from a non-testifying consulting expert where, as here, "'a non-testifying expert's report is used by a testifying expert as the basis for an expert opinion, or where there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert.'" *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 288 F.R.D. 222, 228 (D.D.C. 2012) (citation omitted). Here, it is undisputed that Dr. Waldum, a testifying expert, is relying on Dr. Mjønes for some of his opinions. Opp. 1.

Next, Plaintiff contends that the Court should admit Dr. Mjønes' deposition testimony as if she were a fact witness. But Dr. Mjønes' opinions are ***not*** "'based on information [she] acquired through percipient observations' . . . from [her] ground-level involvement in the events giving rise to the litigation," which characterizes "fact" witness testimony. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 16-2740, 2018 WL 5669019, at \*3–4 (E.D. La. Nov. 1, 2018) (citation omitted). The opinions that Plaintiff seeks to offer from Dr. Mjønes plainly implicate application of her scientific expertise to "information provided by others," which is characterized as expert

2

opinion testimony. *Id.* at *3. And even if Dr. Mjønes had any other testimony to provide as a fact witness that would not permit Plaintiff to "effectively smuggle[] inadmissible opinion testimony past the expert-disclosure and expert-discovery obligations imposed by the discovery and evidentiary rules by offering [an expert] as a lay witness." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 267 (5th Cir. 2022).

Finally, Plaintiff contends that Dr. Waldum should be permitted to rely on Dr. Mjønes' opinions regardless of whether her opinions are independently admissible. But a disclosed testifying expert like Dr. Waldum is not permitted to rely on another undisclosed expert's opinion that is itself inadmissible. *See id.* at 269 & n.10. To the extent Dr. Waldum's opinions are based on Dr. Mjønes' opinions, Dr. Waldum's opinions are "likewise tainted." *Id.* at 269.

## I. PLAINTIFF DOES NOT DISPUTE THE FACTS AND LEGAL PRINCIPLES THAT COMPEL STRIKING DR. MJØNES' REPORT AND TESTIMONY

Plaintiff does not dispute the relevant facts. He did not disclose Dr. Mjønes as a retained (or non-retained) expert expected to testify by January 14, 2022—the deadline to disclose his experts and submit Rule 26 compliant expert reports from them—or at any time before Dr. Mjønes' deposition. *See* Defs.' Mem. 6, Ex. 1 (Doc. 99-2); Doc. 96. Plaintiff also does not dispute or even address the sanction for failing to timely comply with his Rule 26 expert disclosure obligations: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* Defs.' Mem. 16. Nor does Plaintiff address the Fifth Circuit's four-factor test for imposing that sanction. *See* Defs.' Mem. 16–23 (applying factors set forth in *Geiserman v. Macdonald*, 893 F.3d 787, 791 (5th Cir. 1990)).

3

Instead, Plaintiff contends "that neither the Plaintiff nor Dr. Mjønes had any intention of offering her testimony when he disclosed his experts in January, 2022." Opp. 4; *see also id.* 2 ("Plaintiff did not intend to call Dr. Mjønes as a witness"). But Plaintiff attempts to avoid the consequence of that decision by claiming that "Defendants have made Dr. Mjønes a testifying expert by taking her [deposition] testimony, or, at the very least, a testifying fact witness." Opp. 14. Plaintiff's argument is meritless. Plaintiff cites no legal support for that proposition. And he fails to address the authority cited in Defendants' opening memorandum, which held that a failure to comply with expert disclosure obligations is not cured even where the expert "clearly articulat[es] [her] opinions in a deposition." *Shepherd v. GeoVera Specialty Ins. Servs., Inc.*, No. 14-862, 2015 WL 1040452, at *2 (E.D. La. Mar. 10, 2015); *see also* Defs.' Mem. 19. That alone is a sufficient basis for the Court to reject Plaintiff's argument.

Plaintiff's post-hoc characterization of Dr. Mjønes as "a non-testifying expert consultant," Opp. 2, is beside the point. Plaintiff never disclosed that to Defendants *before* Dr. Mjønes' deposition despite Defendants' repeated requests that Plaintiff clarify her role. *See* Defs.' Mem. 7–8, Exs. 5–7. Indeed, Plaintiff did not even characterize Dr. Mjønes as an expert until the eve of her deposition and then did not clarify whether she was expected to testify, stating only that she "is a retained expert in this litigation." Defs.' Mem., Ex. 10 (Doc. 99-11). Nor did Plaintiff's counsel ever plainly inform Defendants' counsel "that they had no intention of calling Dr. Mjønes to testify at trial." Opp. 5. Plaintiff's counsel were coy about Dr. Mjønes' role from the time Plaintiff served his initial expert disclosure until he purported to identify her as a testifying expert in his Amended Expert Disclosure.

But even if, contrary to fact, Plaintiff had clearly identified Dr. Mjønes as a non-testifying consulting expert before her deposition, that would not support Plaintiff's contention that

4

Defendants converted her into a testifying expert by deposing her.  Plaintiff's argument proceeds from the false premise that Defendants improperly "demanded that Plaintiff make Dr. Mjønes available for deposition."  *Id.*  Plaintiff agreed to Defendants' request to depose Dr. Mjønes for good reason.  Even accepting Plaintiff's characterization of his intent that Dr. Mjønes was a non-testifying consulting expert, Defendants were entitled to depose Dr. Mjønes because Dr. Waldum, a disclosed testifying expert, relied on her expert opinions in forming his own expert opinions.

A party may be entitled to obtain discovery from a non-testifying consulting expert "'when a non-testifying expert's report is used by a testifying expert as the basis for an expert opinion, or where there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert.'"  *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 288 F.R.D. 222, 228 (D.D.C. 2012) (quoting *Long Term Capital Holdings v. U.S.*, No. 01-CV-1290(JBA), 2003 WL 21269586, at *2 (D. Conn. May 6, 2003)); *see also Dyer v. C.R. Bard, Inc.*, CV 19-588-BAJ-EWD, 2021 WL 1325313, at *9 (M.D. La. Apr. 8, 2021) (Wilder-Doomes, M.J.) (allowing deposition of a doctor who ordered a scan relied on by other experts).  That is precisely the circumstance here.  Plaintiff admits as much: "Dr. Waldum, in the ordinary course of his practice, requested that his colleague, Dr. Mjønes, review and report on the tissue slides of Mr. Baudin and relied on a report of those findings . . . ."  Opp. 1.

Plaintiff also contends that Fed. R. Civ. P. 32 permits her to offer Dr. Mjønes' testimony by the transcript or video of her deposition.  Opp. 5.  But Plaintiff fails to address the authorities cited in Defendants' opening memorandum that a paid expert is not "unavailable" within the meaning of Rule 32 simply because she resides outside the subpoena power of the Court.  *See* Defs.' Mem. 19–20.  If Dr. Mjønes is permitted to testify despite Plaintiff's violation of his expert disclosure obligations, the Court should require that she testify live.

5

Finally, Plaintiff's failure to timely disclose Dr. Mjønes as a testifying expert is not harmless. Plaintiff does not dispute or even address the prejudice that permitting Dr. Mjønes to testify would cause. *See* Defs.' Mem. at 17–21.

## II.   DR. MJØNES IS NOT A FACT WITNESS

Contradicting her characterization of Dr. Mjønes as a non-testifying consulting expert, Plaintiff also contends that the Court should admit Dr. Mjønes' testimony by treating her "like any other physician as a fact witness." Opp. 4. The Court should reject Plaintiff's attempt to convert Dr. Mjønes into a fact witness. Plaintiff cites no legal authority to support his argument, which is contrary to well-settled law that distinguishes between physician fact and expert testimony.

As another district court in Louisiana held: "Rule 26 prompts a court to distinguish between a 'percipient witness who happens to be an expert' and 'an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide opinion testimony.'" *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 16-2740, 2018 WL 5669019, at *3 (E.D. La. Nov. 1, 2018) (citation omitted). "[T]he 'distinguishing characteristic' between consulting expert opinions and other opinions is 'whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others in a manner other than by being a percipient witness to the events in issues.'" *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 16-2740, 2018 WL 5669019, at *3 (E.D. La. Nov. 1, 2018) (citation omitted). As the *Taxotere* court explained:

> A person is not a consulting expert if he is "an actor with regard to the occurrences from which the tapestry of the lawsuit was woven," whose opinion about causation is premised on personal knowledge and observations made in the course of treatment. An expert whose opinion testimony "arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation" is not a consulting expert.

*Id.* at *4 (citation omitted).

6

None of Dr. Mjønes' opinions are based on personal knowledge from her percipient observations. Dr. Mjønes did not do anything to render medical advice to Plaintiff or to assist any physician treating or diagnosing Plaintiff's cancer and, thus, had "no ground-level involvement in the events giving rise to the litigation." *Id.* Instead, Dr. Mjønes' opinions are based on her scientific knowledge applied to information provided to her by counsel through Dr. Waldum in the form of biopsy slides and a pathology report prepared by Plaintiff's physicians without Dr. Mjønes' prior knowledge of the facts giving rise to the litigation. Moreover, unlike Dr. Mjønes, a fact witness does not express opinions to a reasonable degree of medical certainty, Opp. 10–11, review and form opinions about an adverse party's expert report, *id.* at 11, is not compensated for her time, Defs.' Mot., Ex. 4 (Doc. 99-5) at 17:10–19:12, and her communications with counsel are not protected from disclosure, Defs,' Mem. 8–9. Accordingly, Dr. Mjønes' testimony is not admissible as if she were a fact witness.

But even if she were a fact witness to some extent (and she is not), Dr. Mjønes' report and testimony should be excluded. A fact witness is only permitted to offer opinions if they are "not based on scientific, technical, or other specialized knowledge within the scope of [Fed. R. Evid.] 702." Fed. R. Evid. 701(c). As the Fifth Circuit recently held, a party may not evade the requirements of Rule 702 as construed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) by offering expert opinions through a fact witness. *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 266–67 (5th Cir. 2022).

In *Taxotere*, the Fifth Circuit held that the district court erred when it permitted a fact witness who provided lay opinions based on "his personal knowledge and [employment] experience" under Federal Rule of Evidence 701 also to provide an opinion that "was the product of 'scientific, technical, or other specialized knowledge' . . . within the scope of Rule 702

7

. . . without first enforcing its 'basic gatekeeping obligation' under Rule 702 and *Daubert*." *Id.* at 267. As the Fifth Circuit explained, a contrary result would permit a party to "effectively smuggle[] inadmissible opinion testimony past the expert-disclosure and expert-discovery obligations imposed by the discovery and evidentiary rules by offering [an expert] as a lay witness." *Id.*; *see also Parker v. NGM Ins. Co.*, No. 15-2123, 2016 WL 3198613, at *2 (E.D. La. June 9, 2016) (limiting treating physician's testimony to that "based on his personal knowledge of his examination, diagnosis, and treatment of [plaintiff]" and excluding testimony to the extent it was based on "information acquired from outside sources" and "more akin to expert testimony under Rule 26(a)(2)(B)" where physician "is not a retained expert and did not provide an expert report"); *Verret v. State Farm Fire & Cas. Co.*, No. 13-5596, 2014 WL 12742607 at *2 (E.D. La. Apr. 23, 2014) (holding that, although "'[Hogan] may testify as a fact witness as to his role in performing the damages calculation that was part of his job as an insurance adjuster for Plaintiff with respect to the incident at issue,' . . . [he] may not offer his independent opinions regarding causation, or damages assessments made either after litigation commenced or independent of his assessment of damages as a function of his job as an insurance adjuster.'").

Plaintiff seeks to offer Dr. Mjønes' opinions about the location of his tumor and whether he had Barrett's esophagus and/or esophageal cancer, none of which are based on her personal knowledge. Opp. 7; Defs.' Mem. 11. Those opinions plainly fall within the scope of Rule 702 even if Dr. Mjønes had other testimony to offer as a fact witness. Permitting Plaintiff to offer Dr. Mjønes' expert opinions under the pretext that she is a "fact" witness would facilitate the same end-run around Plaintiff's expert disclosure obligations that the Fifth Circuit rejected in *Taxotere*.

8

### III. DR. WALDUM CANNOT RELY ON DR. MJØNES' INADMISSIBLE EXPERT OPINION

Relying on the principle that an expert "is entitled to rely upon otherwise inadmissible facts and data if 'experts in the particular field would reasonably rely on such evidence,'" Plaintiff contends that Dr. Waldum should be permitted to rely on Dr, Mjønes' report and testimony regardless of whether it is independently admissible. Opp. 1, 3. But that legal principle does not permit one expert to rely on another expert's inadmissible opinion.

As the Fifth Circuit recently held, "where the inadmissible evidence (1) is from a witness testifying at the same trial, (2) is critical to the expert's testimony, and (3) is not independently verified by the expert—the expert's testimony relying on that inadmissible evidence does not pass muster under Rules 702 and 703." *In re Taxotere*, 26 F.4th at 269 n.10. In *Taxotere*, the Fifth Circuit held that an expert's testimony was "tainted" where he relied on an "improper expert opinion" offered by another witness. *Id.* at 269; *see also Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 405 (5th Cir. 2016) (holding that "the district court properly excluded [an expert's] theory about fuel tank straps, because it relied on [another expert's] inadmissible downward displacement theory"); *Dura Automotive Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002) ("A scientist, however well credentialed he may be, is not permitted to be the mouthpiece of a scientist in a different specialty" because "[t]hat would not be responsible science.").

Here too, the Court should not permit Dr. Waldum to rely on Dr. Mjønes' report and testimony. That would condone Plaintiff's failure to comply with his expert disclosure obligations.

### CONCLUSION

For the foregoing reasons and those in Defendants' opening memorandum, the Court should strike Dr. Mjønes' pathology report and preclude Plaintiff or his experts from relying on Dr. Mjønes' opinions on a motion, at a hearing or at trial or, alternatively, require Plaintiff to

9

submit an expert report prepared by Dr. Mjønes that complies with Rule 26(a)(2)(B) and to produce Dr. Mjønes for a continuation of her deposition.

Respectfully submitted,

**ADAMS AND REESE LLP**

*s/ Diana Cole Surprenant*
E. PAIGE SENSENBRENNER (#18429) – T.A.
DIANA COLE SURPRENANT (#33399)
701 Poydras, Suite 4500
New Orleans, Louisiana 70139
paige.sensenbrenner@arlaw.com
diana.surprenant@arlaw.com
(504) 581-3234 (telephone)
(504) 553-9489 (facsimile)

***Attorneys for Defendants,***
***AstraZeneca Pharmaceuticals LP, AstraZeneca***
***LP, and Merck Sharp & Dohme Corporation***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 31, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*s/ Diana Cole Surprenant*
DIANA COLE SURPRENANT
